FRED MAGINNIS ET AL., PROSECUTORS, v. THE CITY OF
   WILDWOOD, IN THE COUNTY OF CAPE MAY, RE-
   SPONDENT.

Argued January 13, 1920—Decided January 24, 1920.

1. The terms in an advertisement for bids by a municipality for the
   removal of garbage are controlling over inconsistent terms in
   the minutes of the municipality. In the advertisement bids are
   asked "for a term of years not to exceed five (5) years;" in the
   minutes it is "for a term of five years." The award must follow
   the terms of the advertisement; one who is the lowest bidder
   under an advertised competition acquires thereby a status.
2. The writ of *certiorari* is a discretionary writ. Proceedings to
   review municipal action thereunder are not personal actions, in
   which the prosecutor may upon sharp grounds insist upon a per-
   sonal right.
3. *Pamph. L.* 1911, *p.* 469, ¶ 6, applies to granting of franchises
   and not to the awarding of contracts.

On *certiorari.*

Before Justice BLACK.

For the prosecutors, *Clarence L. Cole.*

For the defendant, *Jonathan Hand,* city solicitor, and *John
Harris.*

The opinion of the court was delivered by

BLACK, J. The problem presented for solution by the
record in this case is the legality in awarding the contract for
the removal and disposal of wet and dry garbage, in the city
of Wildwood. The award was made on the sixth of November,
1919, to Otto C. Koeneke, the lowest bidder, for a period of
three years for $30,300. In form the bids designated sep-
arate amounts for each year for five years. The Koeneke bid
was the lowest for an aggregate of three years. A bid sub-
mitted by the prosecutor was the lowest for an aggregate of
five years. The essential facts are: The minutes of the com-

missioners of the city show, that "the clerk be instructed to advertise for bids for the collection and removal of garbage in the city, for a term of five years beginning January first, 1920." The advertisement for bids stated, that "bids will be received and considered for a term of years not to exceed five (5) years."

The point made is, the statement in the minutes is controlling. It is argued and attempted to be proved, that all the parties in interest understood that the award was to be for a term of five years, but the legal situation growing out of these facts is, proposals made in strict compliance with the terms of the advertisement for bids, under the statute, the award must follow such advertisement or the contract will be invalid. *Armitage* v. *Mayor, &c., of Newark,* 86 *N. J. L.* 5. The award must follow the terms of the advertisement. *Godfrey* v. *Freeholders of Atlantic County,* 89 *Id.* 511; *affirmed,* 90 *Id.* 517.

One who is the lowest bidder under an advertised competition acquires thereby a status. *Armitage* v. *Mayor, &c., of Newark, supra.*

As Koeneke, the successful bidder was the lowest for a term of three years, the commissioners had power to make an award for that period, if it was for the best interest of the city. What this court said in the case of *Atlantic Gas, &c., Co.* v. *Atlantic City,* 73 *N. J. L.* 360, is pertinent. *Certiorari* is a discretionary writ; proceedings to review municipal action under such prerogative writ are not personal actions, in which the prosecutor may upon sharp grounds insist upon a personal right, rather is the prosecutor to be regarded, if not as *amicus curiæ,* as a friend of the public. *McCarty* v. *Boulevard Commissioners of Hudson County,* 91 *Id.* 137; *affirmed,* 92 *Id.* 519. There is no suggestion, but that the commissioners were prompted to act in the words of Mr. Smith, one of the commissioners, "because it was to the best advantage of Wildwood." Undoubtedly, under the wording of the advertisement, the commissioners had the power to make an award for a term of five years, if they deemed such an award for the best interests of the city and

it is a fair inference in view of the high cost of labor and materials, that at the expiration of three years a more advantageous bid may be secured than at the present time.

The only other point urged by the prosecutor to set aside the award is that it was made by the vote of two commissioners instead of three, citing *Pamph. L.* 1911, *p.* 469, § 6, but a reading of this statute makes it quite clear that it applies to the granting of franchises or a right to occupy or use the streets, highways, bridges or public places in any city. It does not apply to the awarding of contracts. The municipal action brought up by this writ is therefore affirmed, with costs.